UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20717-Civ-COOKE/TORRES

R. REGINALD HYDE, II, JOHN
REYNOLDS, ANTHONY SAUTA,
and JOSEPH CANNOVA,

    Plaintiffs,

v.

GEORGE P. IRISH, TIMOTHY J. KOENIG,
KOENIG HIGHSMITH AND VAN LOON,
P.A. f/k/a FELDMAN KOENIG HIGHSMITH
AND VAN LOON, P.A., MM70 EQUITY, LLC,
MM70, LLC, and MM70 OWNER, LLC,

    Defendants.
_____/

## OMNIBUS ORDER GRANTING DEFENDANT IRISH'S MOTION FOR SUMMARY JUDGMENT AND VACATING FINAL DEFAULT JUDGMENTS

    Plaintiffs R. Reginald Hyde, II and John Reynolds ("Mr. Hyde"; "Mr. Reynolds"; collectively "Plaintiffs") bring this action to recover damages plus interest and costs for a failed real estate transaction involving George P. Irish ("Defendant" or "Mr. Irish"). *See generally* Compl., ECF No. 1. Mr. Irish filed a Motion for Summary Judgment and Memorandum in Support Thereof (ECF No. 197), contending that Plaintiffs are unable to establish their fraud claim against him. Plaintiffs filed their Response to Defendant George P. Irish's Motion for Summary Judgment and Amended Statement of Material Facts (ECF No. 212), to which Mr. Irish filed his Reply Brief on Motion for Summary Judgment (ECF No. 216). Therefore, Defendant George P. Irish's Motion for Summary Judgment is fully briefed and ripe for adjudication.

    I have reviewed Defendant's Motion for Summary Judgment and accompanying attachments, Plaintiff's Response, Defendant's Reply, the record, and the relevant legal authorities. I agree that Plaintiffs are unable to establish their fraud claim as against Defendant George P. Irish.

## I. FACTUAL BACKGROUND[1]

George P. Irish is a residential real estate broker from Northeast Pennsylvania. Def.'s Statement Material Facts ¶ 1. Plaintiff R. Reginald Hyde, a New Jersey resident, owns and operates a restaurant and bar in New Jersey while Plaintiff John Reynolds, also a New Jersey resident, formerly owned a car dealership and worked in the mortgage business. *Id.* at ¶¶ 2-3. The parties were introduced to each other by a mutual acquaintance and began investing in real estate deals together. *Id.* at ¶ 5. Mr. Irish, a frequent visitor to the Florida Keys, began investing in property there, along with Plaintiffs, and they collectively had a great deal of success with their investments. *Id.* at ¶¶ 4-6.

On August 1, 2006, attorney Timothy Koenig contacted Mr. Irish with an investment opportunity on Fiesta Key involving the purchase of a campground adjacent to Mile Marker 70 of the Florida Overseas Highway, between Islamorada and Marathon. *Id.* at ¶¶ 7-8. Mr. Koenig's firm represented real estate developer Cortex, who needed approximately $8 million in equity and a $48 million "bridge" loan to purchase the property. *Id.* According to the information in an email Mr. Irish received from Mr. Koenig, Cortex planned to either "flip" the property for a quick profit or turn the campground into a luxury town house development. *Id.* The next day, Mr. Irish forwarded Mr. Koenig's email, which included a description of the investment opportunity and an informational attachment containing aerial photographs, a site plan, Monroe County land records, and pro forma financial projections, to the Plaintiffs and other potential investors. *Id.* at ¶¶ 8-9. The deal was structured so that investors would invest in an entity called MM70 Equity LLC, which would own a forty percent interest in MM70 LLC, which, in turn, would own MM70 Owner LLC, the actual owner, operator, and manager of the Fiesta Key Property. *Id.* at ¶ 10. Both Plaintiffs and Mr. Irish decided to invest in Fiesta Key, along with other investors,[2] and they wired a total of $2.4 million to the trust account of Mr. Koenig's law firm, Feldman Koenig. *Id.* at ¶ 12. That money was then used to purchase the property. *Id.*

---

[1] The following facts, which are deemed admitted, are taken from Defendant George P. Irish's Statement of Material Facts as to Which There is No Genuine Dispute (ECF No. 198). The facts are deemed admitted to the extent that they are supported by evidence in the record as Plaintiffs failed to oppose Defendant's Statement of Materials Facts. *See* S.D. Fla. L.R. 56.1(b); *see also Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

[2] The other investors in this deal, Anthony Sauta and Joseph Cannova, were also Plaintiffs in this lawsuit. However, they each voluntarily dismissed their claims without prejudice on April 9, 2013. *See* Orders Dismissing Claims of Pl., ECF Nos. 72, 73.

at ¶ 14.

On September 12, 2006, Mr. Irish received an email from Derek Parker, an employee at Cortex, explaining that in order to close the transaction, the lender required disclosure of all individuals making an investment. Mr. Parker further stated that it was Cortex's preference for Mr. Irish "to close the loan either with [his] personal LLC entity or [his] name individually" to eliminate "a lot of red tape with the lender." Mr. Parker suggested that Mr. Irish could then enter into a separate agreement with his fellow investors. *Id.* at ¶ 24. Mr. Irish replied to Mr. Parker's email that same day and copied the Plaintiffs: "Close in my name and I will then have a separate Agreement with my partners." *Id.* at ¶ 25. About four days later, Mr. Irish once against emailed Plaintiffs to inform them that the transaction was complete and that he had signed the MM70 Equity Operating Agreement, which he referred to as the Joint Venture Agreement for Fiesta Key. *Id.* at ¶ 26. He also attached a copy of the Operating Agreement to his email, which showed that the parties' initial investment of $1.2 million was carried by MM70 Equity LLC in Mr. Irish's name. *Id.*

Soon thereafter, the parties decided to invest more money in the deal. On November 16, 2006, Mr. Irish sent an email to Plaintiffs to ascertain whether he was authorized to commit an additional $1 million to the Fiesta Key Project and to alert the parties that any additional money needed to be wired to Tim Koenig's escrow account no later than December 11, 2006. *Id.* at ¶ 27. Mr. Irish then sent an email to Mr. Parker, copying Plaintiffs, confirming that the group would contribute an additional $1 million to MM70 Equity, LLC. *Id.* at ¶ 28. On December 6, 2006, Mr. Irish communicated with Plaintiff Mr. Reynolds, requesting that he confirm with the other investors, including Plaintiff Mr. Hyde, that they approved of the second round of investments also being held in Mr. Irish's name. *Id.* at ¶ 29. Plaintiff Mr. Reynolds responded that he was ready to invest and that he was going to work on securing the additional investment money from Plaintiff Mr. Hyde and other investors. *Id.* at ¶ 30. The next day, Mr. Irish sent Plaintiffs a copy of the Assignment of Interest, which confirmed that the second round of investments would also be held in his name. *Id.* at ¶ 31.

However, in the end, Cortex's plans to develop the campground into a luxury town house development never got started because Cortex was unable to secure construction financing. Eventually, the loan went into foreclosure in 2008 and the property was officially

foreclosed on in 2010. As a result, both Plaintiffs and Mr. Irish lost their entire investment in the Fiesta Key Project. *Id.* at ¶ 33.

## II. LEGAL STANDARD

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record...mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.  In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.* at 323.

### III. DISCUSSION

Plaintiffs Hyde and Reynolds, along with Anthony Sauta and Joseph Cannova, originally brought suit against Mr. Irish, attorney Timothy Koenig, his law firm Koenig Highsmith and Van Loon, P.A. f/k/a Feldman Koenig Highsmith and Van Loon, P.A. ("Feldman Koenig"), MM70 Equity, LLC, MM70, LLC, and MM70 Owner, LLC, asserting claims of fraud against all defendants, conspiracy to defraud against Mr. Irish, Mr. Koenig and Feldman Koenig, breach of fiduciary duty against Mr. Koenig and Feldman Koenig, negligence against Mr. Koenig and Feldman Koenig, and conversion against all defendants.

Defendants MM70 Owner, LLC and MM70, LLC defaulted for failure to answer or otherwise respond to the Complaint.  *See* Final Default J.'s, ECF Nos. 27, 68.  Defendants Timothy Koenig and Feldman Koenig were voluntarily dismissed without prejudice on February 28, 2013.  *See* Order Dismissing Def.'s, ECF No. 62.  Plaintiffs Anthony Sauta and Joseph Cannova voluntarily dismissed their claims without prejudice on April 9, 2013. *See* Orders Dismissing Claims of Pl., ECF Nos. 72, 73.  Defendant MM70 Equity, LLC was dismissed with prejudice on March 20, 2015 (ECF No. 231), thus leaving Mr. Irish as the sole defendant in the case.  Additionally, on January 21, 2015, Plaintiffs filed a Notice of Withdrawal of Certain Allegations and Claims in Original Complaint, indicating that they were withdrawing allegations 17, 18, 24, 29, and 30 of the Complaint along with Counts II (conspiracy to defraud) and V (conversion) due to "significant developments since this action was initiated, including the departure of parties on both sides of the ledger and the course of discovery."  *See* Notice of Withdrawal, ECF No. 209.  Therefore, all that remain are two plaintiffs, Mr. Hyde and Mr. Reynolds, asserting a single count of fraud against one defendant, Mr. Irish.

In order to succeed on a claim of common law fraud under Florida law, Plaintiffs

5

must show: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party. *See Tucker v. Mariani*, 655 So. 2d 221, 225 (Fla. Dist. Ct. App. 1995) (citing *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984); *see also Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). In their Complaint, Plaintiffs' allege that: (1) Mr. Irish represented that Plaintiffs would own an equity interest in the Fiesta Key Project upon sending their money to Feldman Koenig; (2) Mr. Irish made such representations with the intent that Plaintiffs rely on the same; (3) Plaintiffs did rely and transferred their money to Feldman Koenig; (4) Mr. Koenig and Feldman Koenig disbursed Plaintiffs' money in a manner that did not comport with Plaintiffs directions or authority; and (5) Plaintiffs lost their investment. *See* Compl. 6. However, Plaintiffs cannot point to any record evidence to support their allegations.

More specifically, Plaintiffs' claim fails because they cannot make out any of the elements of common law fraud. Plaintiffs have failed to demonstrate that Mr. Irish's representations regarding their equity ownership in the Fiesta Key Project were false. In fact, the record reflects the opposite. Plaintiffs understood that they would be investing in MM70 Equity, LLC, which in turn would own an equity interest in MM70, LLC, which in turn owned MM70 Owner, LLC, the actual owner/operator of the property. Plaintiffs were fully recognized as owners of interest in MM70 Equity, LLC and their interests were documented in the books and records of Feldman Koenig. *See* Compl. at Ex. 1. Mr. Irish informed Plaintiffs that the loan would close in his name, but that their interests had been duly recorded and they were all equity owners in the transaction. From the evidence in the record, it cannot be argued that Mr. Irish induced Plaintiffs to invest in a property with false statements.

Additionally, Plaintiffs have failed to demonstrate how their money was disbursed in a manner that did not comport with their directions or authority. They invested money to finance the purchase of land on Fiesta Key and said land was in fact purchased, as admitted by Plaintiffs in their Complaint. Furthermore, Plaintiffs allege that Mr. Koenig and Feldman Koenig disbursed their money in a manner that did not comport with their directions or authority, not Mr. Irish. Therefore, this allegation fails as against Mr. Irish.

6

Finally, while Plaintiffs may have lost their investment, their losses were not caused by their reliance on Mr. Irish's allegedly false statements. Plaintiffs entered into a real estate transaction with Mr. Irish, they were aware of and approved of the transaction being conducted in Mr. Irish's name only, their equity interests were fully documented in the books and records of Feldman Koenig, and their investment was used to acquire the property on Fiesta Key. Any losses incurred after they invested were due to the speculative nature of investing in real estate development and not because of any alleged wrongdoing on the part of Mr. Irish.

Furthermore, Plaintiffs, in their Response to Defendant's Motion for Summary Judgment, attempt to argue that Mr. Irish's Motion for Summary Judgment is moot because "the remaining Plaintiffs' fraud claim against Irish is based on different allegations than those plead by the four original plaintiffs." Pl.'s Response 2. However, this argument is unavailing as I denied Plaintiffs' request for leave to amend their Complaint; a request made almost three years into the case. *See* ECF No. 210. Therefore, Plaintiffs' original Complaint is still the operative complaint and its allegations still stand. And, as to Plaintiffs' single allegation of fraud, they have failed to prove all of the required elements.

## IV. CONCLUSION

Having reviewed the arguments and the record, I find Plaintiffs have failed to establish that Mr. Irish committed common law fraud. Accordingly, summary judgment in favor of the Defendant Mr. Irish is appropriate.

It is, therefore, **ORDERED and ADJUDGED** that:

(1) Defendant Irish's Motion for Summary Judgment and Memorandum in Support Thereof (ECF No. 197) is **GRANTED**. A separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure shall issue concurrently.

(2) The Final Default Judgments entered as to Defendant MM70 Owner, LLC (ECF No. 27) and Defendant MM70, LLC (ECF No. 68) are hereby **VACATED**.[3]

---

[3] It is "sound policy" in this circuit that "when Defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06) (reasoning that it would be inconsistent for the plaintiff to collect a judgment against the defaulting defendant on a contract when a jury, in a suit against another defendant under the same contract found that the plaintiff itself breached that contract.). Here, regardless of whether liability is deemed joint or several, Defendant Irish and Defendants

  (3)  Plaintiffs' Complaint is **DISMISSED**.

  (4)  ECF Nos. 199, 202, 211, 213, and 229 are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 20th day of April 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

---

MM70 Owner, LLC and MM70, LLC are certainly similarly situated. Plaintiffs and Defendant Irish entered into a real estate transaction involving the purchase of an equity share in MM70 Equity, LLC, which owned a share in MM70, LLC, which in turn owned MM70, LLC. Plaintiffs then brought suit against Mr. Irish, MM70 Equity, LLC, MM70, LLC, and MM70 Owner, LLC alleging a single count of fraud (among other, now voluntarily dismissed, claims) and asserting that Mr. Irish acted as a representative for the MM70 entities. Thus, I conclude, *sua sponte*, that the default judgments entered against MM70 Owner, LLC and MM70, LLC must be vacated to prevent inconsistent judgments in this case. *See Frow v. De La Vega*, 82 U.S. 552 (1872); *Figueroa v. Image Rent a Car, Inc.*, 2010 WL 3894356, at *2 (M.D. Fla. Sept. 10, 2010) (citing *Frow* and noting that 'if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.").